# IN THE COURT OF APPEALS OF IOWA

No. 19-0941
Filed September 11, 2019

**IN THE INTEREST OF R.M., E.M., K.M., C.M., E.M., and L.M.,**
**Minor Children,**

**C.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Cass County, Amy Zacharias, Judge.


        A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**



        Donna K. Bothwell of Bothwell Law Office, Logan, for appellant mother.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

        Karen L. Mailander of Mailander Law, PLC, Anita, guardian ad litem for

minor children.



        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

This appeal concerns the termination of a mother's parental rights to six children. Under Iowa Code chapter 232 (2018), the court must engage in this three-step analysis to terminate parental rights:

> First, the court must determine if a ground for termination under section 232.116(1) has been established. If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights. Third, if the statutory best-interest framework supports termination of parental rights, the court must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights.

*In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010) (internal citations omitted). Seeking reversal of the order terminating her parental rights, the mother challenges the evidence supporting the juvenile court's findings at each step of this analysis and also contends the State failed to make reasonable efforts to return the children to her care. In the alternative, she requests an additional three to six months to reunify with her children.

We review the decision to terminate parental rights de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Although the factual findings of the juvenile court are not binding, we do give them weight, especially in assessing witness credibility. *See id.*

**I. Statutory Grounds.**

The mother first contends the State failed to prove the grounds for termination by clear and convincing evidence. The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d), (f), (h), and (i).

We may affirm if clear and convincing evidence supports one of the grounds for termination. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

The requirements for terminating parental rights under section 232.116(1) (f) and (h) differ on the length of the child's removal from the parent's care based on the age of the child. But both require clear and convincing evidence that returning the child to the parent's care at the time of the termination hearing would expose the child to harm that would lead to a child-in-need-of-assistance (CINA) adjudication. *See* Iowa Code § 232.116(1)(f)(4), (1)(h)(4) (each requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) ("[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (alteration in original) (citation omitted)). The mother only challenges the evidence supporting this common element.

Clear and convincing evidence supports a finding that returning the children to the mother's care would expose them to the type of harm that would lead to a CINA adjudication. The record documents a long history of the mother's physical abuse of her children. The mother failed to make progress with her mental health or to accept responsibility for her actions. Returning the children to the mother's care would place them at risk of further maltreatment. For these reasons, clear and convincing evidence supports terminating the mother's parental rights under section 232.116(1)(f) and (h).

**II. Reasonable Efforts.**

Next, the mother challenges the efforts made by the Iowa Department of Human Services (DHS) to have the children returned to her care. *See* Iowa Code § 232.102(9) (requiring the Iowa Department of Human Services (DHS) to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). We note that

> the reasonable efforts requirement is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts. The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.

*In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (internal citations omitted).

The mother complains the DHS failed to make reasonable efforts because it terminated her contact with the children during the last year of the CINA proceedings. Before her visits ended, the mother had trouble managing the children and asked to end the visits early. She required prompting to engage with her children. The mother could not provide consistency and routine, which led the children to fight with each other. The mother's visits terminated because she failed to make progress with regard to her mental health, and the visits were unhealthy for the children. *See* Iowa Code § 232.102(12)(a) ("A child's health and safety shall be the paramount concern in making reasonable efforts."). Once the visits ended, the mother stopped participating in services altogether and moved five hours away rather than taking the necessary steps to remedy her deficiencies.

The record before us shows the State made reasonable efforts, but the mother failed to take the necessary steps to allow her to parent the children safely.

**III. Best Interests.**

The mother also challenges the finding that terminating her parental rights is in the children's best interests. *See D.W.*, 791 N.W. at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," the legislature built this patience into the statutory scheme of chapter 232. *C.B.*, 611 N.W.2d at 494. Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Here, more than three years have passed since the events that led to the CINA adjudication, and the removal period is more than twice of that required by statute. We cannot pause the children's lives in favor of a parent. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting we must not

deprive the children of permanency in the hope that someday the parent will be able to provide a stable home); *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

The mother cannot safely care for the children or provide for their needs. Her actions have traumatized the children. The abuse she inflicted continues to affect them. Returning the children to the mother's care would expose them to ongoing harm, and the situation will not change soon. Termination is in the children's best interests. And for these same reasons we deny the mother's request for additional time to reunify with the children.

### IV. Permissive Factors.

Finally, the mother argues one of the permissive factors set forth in Iowa Code section 232.116(3) applies. She asks us to avoid terminating her parental rights because the children are in relative placements. *See* Iowa Code § 232.116(1)(a) (providing that the court "need not terminate" the parent-child relationship if a relative has legal custody of the child). The mother also argues that terminating her parental rights "would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

The decision to apply a statutory factor to avoid terminating parental rights is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. Once the State has proved the ground for termination, the parent resisting termination bears the

burden of proving a permissive factor applies. *See id.* at 476. In determining whether to apply a permissive factor, we use our discretion based on the unique circumstances of each case. *See id.* at 475. As always, our first consideration is the child's best interests. *See id.*

As stated above, terminating the mother's parental rights serves the children's best interests. We decline to apply one of the statutory permissive factors to avoid termination and we affirm the termination of the mother's parental rights.

**AFFIRMED.**